IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**UNITED STATES OF AMERICA**                                                           **PLAINTIFF**

**V.**                                    **NO. 4:23-CV-15-DMB-JMV**

**SHARONDA FLEMING**                                                            **DEFENDANT**

**ORDER**

On January 19, 2023, the United States of America filed a complaint against Sharonda Fleming in the United States District Court for the Northern District of Mississippi seeking "to recover treble damages and civil penalties under the False Claims Act ('FCA'), … and … money for common law or equitable causes of action for payment by mistake and unjust enrichment based upon Fleming's receipt of Paycheck Protection Program ('PPP') funds to which she was not entitled." Doc. #1 at 1. The complaint alleges that Fleming, through false representations, received PPP loan proceeds totaling $20,532 (for which the Small Business Administration paid a total of $2,500 in processing fees to the financial institution involved), and that Fleming, also through false representations, obtained forgiveness of those loans by the SBA. *Id*. at 6.

On March 24, 2023,[1] a "Joint Motion for Entry of Consent Judgment" was filed[2] in which the parties represent that they "have agreed to resolve [this] litigation" and "to the entry of a consent judgment on the terms provided in the [proposed consent judgment]." Doc. #7.[3] Both the joint motion and the proposed consent judgment are signed by an Assistant United States Attorney

---

[1] Nine days prior, on March 15, the government requested an entry of default representing that Fleming "ha[d] not made any attempt to respond to the allegations contained within the Complaint and the time to do so ha[d] elapsed." Doc. #4. The Clerk of Court entered default against Fleming the same day. Doc. #5.

[2] A document docketed as a joint motion for entry of consent judgment was filed on March 22, *see* Doc. #6, but was terminated by the Clerk of Court as an incorrect filing, with instructions to file the correct document.

[3] In violation of Local Rule 7(b)(2)(F), the proposed consent judgment was attached to the joint motion as an exhibit. *See* Doc. #7-1.

and by Fleming who appears pro se. *Id*. The certificate of service associated with the joint motion was filed on April 24, 2023. Doc. #8.

> Generally, before entering a consent judgment, also called a consent decree, courts must decide whether it represents a reasonable factual and legal determination based on the facts of record, whether established by evidence, affidavit, or stipulation. Courts must also ascertain that the settlement is fair and that it does not violate the Constitution, statutes, or jurisprudence. In assessing the propriety of giving judicial imprimatur to the consent decree, the court must also consider the nature of the litigation and the purposes to be served by the decree.

*Jones v. Gusman*, 296 F.R.D. 416, 428–29 (E.D. La. 2013) (cleaned up).

The Court has reviewed the proposed consent judgment—which requires Fleming to pay $23,072.50 plus interest and a separate $402.00 filing fee—and finds that it represents a fair and reasonable factual and legal determination based on the facts of record. The Court also concludes that the proposed consent judgment does not violate the Constitution, statutes, or jurisprudence. Finally, the proposed consent judgment is consistent with the nature of this litigation. Accordingly, the "Joint Motion for Entry of Consent Judgment" [7] is **GRANTED**. The proposed consent judgment will be signed and entered by the Court.

**SO ORDERED**, this 1st day of May, 2023.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**